**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LED TECH DEVELOPMENT LLC,       )<br>                                                            )<br>              Plaintiff,                       )<br>                                                            )         C.A. No. 1:12-cv-01260-SLR<br>      v.                                                )<br>                                                            )<br>HOME DEPOT U.S.A., INC.,              )<br>                                                            )<br>              Defendant.                    ) | |

**DEFENDANT HOME DEPOT U.SA., INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Dated: January 10, 2013

Denise S. Kraft (ID No. 2778)
Aleine M. Porterfield (ID No. 5053)
**DLA PIPER LLP (US)**
919 North Market Street, Suite 1500
Wilmington, DE  19801
Telephone: 302.468.5700
Facsimile:  302.394.2341
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com

*Attorneys for Defendant
Home Depot U.S.A., Inc.*

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF THE ARGUMENT AND STATEMENT OF FACTS ........................... 1

IIII. ARGUMENT.................................................................................................................... 3

    A. LED Tech's claims allegedly implicate a vast range of Home Depot products involving LEDs and fail to provide Home Depot with fair notice of the claims alleged against it. ............................................................................. 3

    B. LED Tech's use of qualifying language in the Complaint fails to provide fair notice to Home Depot as to the identity of the accused products. .................. 4

    C. LED Tech attempts to shift the burden of its pre-filing investigation to Home Depot. ........................................................................................................ 6

IV. CONCLUSION................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

*5th Market v. CME Group*
    (D. Del., May 14, 2009) ................................................................................................5

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009) ..................................................................................................4

*Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*
    2006 WL 3469599 (E.D. Wis. 2006) .............................................................................7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2008) ...................................................................................................3, 4

*Eidos Commc'ns LLC v. Skype Techs., SA*
    686 F. Supp. 2d 465 (D. Del. 2010) ...............................................................................5

*Eidos Communications, LLC v. Skype Technologies SA*
    2010 WL 4642062 (D. Del. Nov. 9, 2010) ..................................................................2, 5

*In Re Bill of Lading*
    681 F.3d 1323 (Fed. Cir. 2012) .....................................................................................5

*LED Tech Development LLC v. Apple, Inc.*
    Civ. No. 12-cv-01316 ....................................................................................................1

*LED Tech Development LLC v. Coleman Company, Inc.*
    Civ. No. 12-cv-01259 ....................................................................................................1

*LED Tech Development LLC v. Fujitsu America Inc., et al.*
    Civ. No. 12-cv-01443 ....................................................................................................1

*LED Tech Development LLC v. Mag Instrument, Inc.*
    Civ. No. 12-cv-1094 (C.D. Cal.) ...................................................................1, 2, 4, 5, 6

*LED Tech Development LLC v. Samsung Electronics America Inc., et al.*
    Civ. No. 12-cv-01325 ....................................................................................................1

*Motivation Innovations, LLC v. Express, Inc.*,
    2012 WL1415412 (D. Del. April 24, 2012), *report and recommendation adopted,*
    2012 WL 1835757 (D. Del. May 27, 2012) ..............................................................5, 6

*XPoint Technologies, Inc. v. Microsoft Corp.*
    730 F. Supp. 2d 349 (D. Del. 2010) ...............................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ................................................................................................................1, 4

Fed. R. Civ. P. 12 ..............................................................................................................1, 8

Fed. R. Civ. P. 16 .................................................................................................................7

Fed. R. Civ. P. Form 18 ................................................................................................ *passium*

I.      **NATURE AND STAGE OF THE PROCEEDINGS**

On October 3, 2012, Plaintiff LED Tech Development LLC ("LED Tech")[1] filed this action against Defendant Home Depot U.S.A., Inc. ("Home Depot") alleging infringement U.S. Patent Nos. 6,095,661 (the "'661 Patent") and 6,808,287 ("the '287 Patent").  *See* D.I. 1, Complaint.   More specifically, LED Tech contends in its Complaint that Home Depot has infringed the '661 Patent and the '287 Patent by "using, offering to sell or selling" "products, including but not limited to the Fenix 72 Lumens Max Performance Cree XP-G R4 LED Flashlight."  *See* D.I. 1, Complaint at ¶ 8, 13.  LED Tech's Complaint accuses Home Depot of patent infringement using generic infringement allegations that fall woefully short of the pleading requirements set forth under Federal Rule of Civil Procedure 8(a)(2) and Form 18. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Home Depot has moved this Court for an Order dismissing the Complaint of LED Tech in its entirety.   This is Home Depot's Opening Brief in support of that motion.

II.     **SUMMARY OF THE ARGUMENT AND STATEMENT OF FACTS**

As set forth below, LED Tech's Complaint clearly fails to put Home Depot on notice as to what it must defend and should be dismissed, because:

---

[1] It appears that LED Tech, a non-practicing entity, was formed for the sole purpose of filing patent litigation.  Within its first six months of existence, it filed patent infringement lawsuits against five other defendants within the District of Delaware and the Central District of California.  *See LED Tech Development LLC v. Coleman Company, Inc*., Civ. No. 12-cv-01259; *LED Tech Development LLC v. Apple, Inc*., Civ. No. 12-cv-01316; *LED Tech Development LLC v. Samsung Electronics America Inc., et al*., Civ. No. 12-cv-01325; and *LED Tech Development LLC v. Fujitsu America Inc., et al*., Civ. No. 12-cv-01443; *LED Tech Development LLC v. Mag Instrument, Inc*., Civ. No. 12-cv-1094 (C.D. Cal.).  LED Tech does not appear to manufacture or sell any products.

1. LED Tech's claims allegedly implicate *numerous* unidentified products (apparently, upwards of 300) of various forms, from *numerous* manufacturers other than Fenix, as a document forwarded by and relied upon by LED Tech evidences;[2]

2. LED Tech's form pleading fails to comply with the standards of this Court or Form 18, which LED Tech learned when another federal court recently rejected LED Tech's form complaint in a related case allegedly involving fewer unnamed products, stating that LED Tech's "including but not limited to" language could implicate an "unlimited universe of products" that could be infringing (*see LED Tech Development LLC v. Mag Instrument, Inc.*, Civ. No. 12-cv-1094, [D.I. 35] (C.D. Cal.)); and

3. By LED Tech pleading its case in such a vague, conclusory fashion, Home Depot is left guessing as to fundamental issues such as the scope of document preservation, identification of witnesses with relevant information and potential indemnification questions which a well-pled Complaint should remedy.

Home Depot is left with no alternative but to question whether LED Tech has ever intended to pursue or prosecute a case of this potential breadth.

---

[2] A court may consider an authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *See Eidos Communications, LLC v. Skype Technologies SA*, 2010 WL 4642062, at *2 (D. Del. Nov. 9, 2010) (J. Robinson) (*internal citations omitted*). This is because, "[t]he reason that a court must convert a motion to dismiss to a summary judgment if it considers extraneous evidence submitted by the defense is to afford the plaintiff the opportunity to respond. When a complaint relies on a document, however, the plaintiff is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Id*. Similarly, LED Tech's use of Exhibit A, attached to the Declaration of Nicholas Papastavros, supports its identification of the accused products and its claim of patent infringement. Exhibit A was furnished to Home Depot by counsel for LED Tech following initiation of the case.

### III. ARGUMENT

**A. LED Tech's claims allegedly implicate a vast range of Home Depot products involving LEDs and fail to provide Home Depot with fair notice of the claims alleged against it.**

The patents at issue apparently relate to products involving LEDs, of which Home Depot offers for sale or sells thousands of different models across numerous vendors worldwide. LED Tech's Complaint, however, specifically names only <u>one</u> LED flashlight product sold by Home Depot: the Fenix 72 Lumens Max Performance Cree XP-G R4 LED Flashlight. *See* D.I. 1, Complaint at ¶¶ 8, 13. The Fenix 72 Lumens Max Performance Cree XP-G R4 LED Flashlight has *de minimis* past sales (less than $70,000 in the aggregate), and is no longer being offered for sale.

In discussions following the initiation of the case, LED Tech asserted that its identification of the accused products was not limited to the sole product listed in the Complaint, and generally identified "pulse-width undulated LED illumination sources" as the potential scope of the case. When pressed further by Home Depot for additional information, LED Tech furnished Home Depot with a written laundry list of potentially implicated products, identifying certain by name but hundreds of additional "similar products" and "exemplary products" (355 in sum) in an apparent attempt to exponentially broaden a revenue base. *See* Exhibit A, attached to the Declaration of Nicholas Papastavros.[3]

This vague and open-ended identification of accused products certainly falls short of the requisite level of specificity demanded by the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008) (a plaintiff must "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests") (quotations omitted); *see*

---

[3] Additionally, LED's identification of "exemplary" products in Exhibit A contains products containing LEDs of various forms, including flashlights and lanterns.

*also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 556-557) (a plaintiff must plead facts sufficient to state a claim to relief that is "plausible on its face" so as to permit the "reasonable inference that the defendant is liable for the misconduct alleged"). LED's actions here obviate the very purpose of Form 18 and Rule 8.

    **B. LED Tech's use of qualifying language in the Complaint fails to provide fair notice to Home Depot as to the identity of the accused products.**

In addition to the foregoing document relied on by LED Tech in filing its case (which could be construed to implicate virtually the entire inventory of Home Depot products involving LEDs), LED Tech's use of the qualifier "including, but not limited to" on the face of the Complaint in an attempt to broaden the scope of the accused products at issue (s*ee* D.I. 1, Complaint at ¶¶ 8, 13) is facially inadequate and has been disapproved by numerous courts. Most recently, in a related patent infringement action instituted by LED Tech involving the same patents, a different court granted Mag Instrument, Inc.'s motion to dismiss for failure to state a claim for a near-identical complaint to the Complaint at issue here. *See LED Tech Development LLC v. Mag Instrument, Inc.*, Civ. No. 12-cv-1094, [D.I. 35] (C.D. Cal.), attached as Exhibit B to the Declaration of Nicholas Papastavros. The Court found LED Tech's allegations that Mag Instrument, Inc.'s products, "including but not limited to" Mag's Maglite XL100 flashlights, infringed LED Tech's patents, to be insufficiently pled and lacking the specificity required by Form 18. In fact, the Court expressly stated that the "including but not limited to" language could implicate an "unlimited universe" of products that could be infringing. *See* "Reporter's Transcript of Proceedings," Civ. No. 12-cv-1094, D.I. 43-5 (4:9-25), attached as Exhibit C to the Declaration of Nicholas Papastavros.[4] At issue in *Mag Instrument* was LED Tech's assertion

---

[4] Indeed, the Court stated: "I mean, by saying including but not limited to, that actually creates the problem here…[b]y putting that language in you've—there is an unlimited universe of their

4

that over 18 Mag Instrument products potentially infringed the patents-in-suit despite identifying only one product in the complaint—here, LED Tech apparently lays claim to over 355 unidentified products, nearly <u>twenty times</u> the amount at issue in *Mag Instrument*.

Such conditional language has also been disapproved by this Court as well for failing to provide fair notice to the defendant as to the scope of the claimed infringement. *See Eidos Commc'ns LLC v. Skype Techs., SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (granting a motion to dismiss for language including "generally," "and/or," and "such as, and by way of example only" as plaintiffs did not "guid[e] the course of discovery by utilizing conditional language in the complaint"); *5th Market, Inc. v. CME Group,* 2009 WL 5966836 (D. Del. May 14, 2009) (granting motion to dismiss for "making, using, selling, and/or offering for sale products and methods covered by the claims of" asserted patents; the only reference to a product was found in the facts, so it failed to provide fair notice of the claims to the defendant). In *Eidos*, this Court also decreed that Form 18 requires at least a "general class of products," which LED Tech's generic pleading of "products, including but not limited to the Fenix 72 Lumens Max Performance Cree XP-G R4 LED Flashlight" followed by a vague claim to "similar" products and "exemplary" products fails to comply with. *Accord In Re Bill of Lading*, 681 F.3d 1323, 1334-1336 (Fed. Cir. 2012) (Form 18 requires a statement that defendant has been infringing the patent by making, selling, and using *the device* infringing the patent) (emphasis added).

Cases approving the use of the "including but not limited to" qualifier are also distinguishable. For example, in *Motivation Innovations, LLC v. Express, Inc.*, 2012 WL1415412 (D. Del. April 24, 2012), *report and recommendation adopted,* 2012 WL 1835757 (D. Del. May 27, 2012), the Court denied the defendant's motion to dismiss because the plaintiff

---

products that could be infringing…how many thousands of LED flashlights does Mag Instrument manufacture though?" (*Id*. at tr.4:9-25).

identified the specific class of products at issue ("coupon and discount programs and systems"), with a specific identification of the products at issue along with their trade names. *Id*. at *4. The Court premised its holding on the fact that the identification of specific product models by name would help to guide discovery, as the plaintiff was found to have sufficiently narrowed the universe of potentially accused products. *Id*.; *see also XPoint Technologies, Inc. v. Microsoft Corp*., 730 F. Supp. 2d 349 (D. Del. 2010) (the plaintiff's identification of specific components of the accused products was found to put the defendants on notice of its infringement allegations). Here, LED Tech's identification of the accused Fenix product as a non-limiting example, along with its claims that the accused products span nearly all of Home Depot's products involving LEDs, creates only greater discovery burdens for Home Depot. Home Depot is left with inadequate guidance as the identity and scope of the products alleged to infringe.

### C. LED Tech attempts to shift the burden of its pre-filing investigation to Home Depot.

Allowing such vague and open-ended identification by LED Tech would potentially open the door for unfettered discovery as to all products involving LEDs ever sold by Home Depot, including any new models of products that Home Depot may ever introduce. This is a clear attempt by LED Tech to shift the burden of its pre-filing investigation onto Home Depot. By loosely referencing certain LED products along with numerous "similar products" and "exemplary products" which allegedly reside within Home Depot's inventory, LED Tech is forcing Home Depot to expend resources, time, and money to compare the potential claims against at least over 300 products (only 36 of which are even identified by name, including the accused Fenix product in the Complaint, *see* Exhibit A) to guess what might truly be at issue.[5]

---

[5] Ultimately, and as stated above, Home Depot (and as argued by Mag Instrument, Inc. in *LED Tech Development LLC v. Mag Instrument, Inc*., Civ. No. 12-cv-1094, (C.D. Cal.)) suspects that

Additionally, at the inception of cases such as that at bar it is Home Depot's standard practice and procedure to diligently attempt to identify individuals within its organization with relevant information, make an informed judgment about preservation of relevant documents, and identify potential third parties from which it may seek indemnity or which may be necessary additional parties to be added under Fed. R. Civ. P. 16. Given that LED Tech lays claim to hundreds of unidentified products involving LEDs—across at least three dozen vendors around the world—Home Depot lacks the basic information required to even begin this process. A defendant should not have to guess at which of its products are truly accused. *See also Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*, 2006 WL 3469599, at *2 (E.D. Wis. 2006) (court found it unreasonable when pleading required defendant to compare 40 products to at least 20 claims in order to formulate a response).

Home Depot has doubt as to whether a non-practicing entity that has already initiated litigation against numerous entities (including Samsung, Apple and Fujitsu) intends to assume the burden of accusing all products in any way involving LEDs within Home Depot's inventory of infringement, or conducted the required pre-filing investigation to implicate such a vast array of products in this case. Put simply, if the Complaint is sustained as things stand without LED Tech being compelled to at least properly identify products, Home Depot will be forced to do the work that LED Tech should have completed before it filed the instant suit.[6]

---

LED Tech's real motivation in identifying nearly all products involving LEDs within Home Depot's inventory is to broaden its revenue base from which a reasonable royalty is calculated.
[6] Home Depot notes that it stands in a different position from the other accused defendants. While it appears that Coleman (a Home Depot vendor of LED products) has filed an answer to LED Tech's complaint, Home Depot notes that Home Depot, unlike Coleman, is a retailer of thousands of products involving LEDs across numerous vendors worldwide. Home Depot also does not appear to currently sell the Exponent 2 CR123A Lithium Flashlight, the accused Coleman product identified in the Coleman Amended Complaint. Civ. No. 12-cv-01259 [D.I. 7].

## IV. CONCLUSION

As the foregoing demonstrates, the Court should grant the instant motion and dismiss LED Tech's Complaint in its entirety for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: January 10, 2013

**DLA PIPER LLP (US)**

*/s/ Denise S. Kraft*
Denise S. Kraft (DE No. 2778)
Aleine Porterfield (DE No. 5053)
919 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com
*Attorneys for Defendant*
*Home Depot U.S.A., Inc.*

Of Counsel:

**DLA PIPER LLP (US)**

Nicholas G. Papastavros (*admitted pro hac vice*)
Maya Prakash (*admitted pro hac vice*)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6119
nick.papastavros@dlapiper.com
maya.prakash@dlapiper.com

8